### POWELL CASEY TIPPS V. THE STATE.

No. 23885. Delivered January 14, 1948.

*Irwin & Irwin*, of Dallas, for appellant.

*Will R. Wilson, Jr.*, District Attorney, and *Kiel Boone*, Assistant District Attorney, both of Dallas, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is aggravated assault and battery. The punishment assessed is confinement in the county jail for a period of sixty days and a fine of $50.00.

It appears from the record that on the 15th day of March, 1946, Horace Johnson, the injured party, went to appellant's beer tavern and while there, appellant assaulted him with a knife, the blade of which was two inches in length, by stabbing Johnson in the neck and shoulder. The State's theory was that appellant was angry at Johnson because he, appellant, believed that about a week prior thereto when some trouble occurred at appellant's place of business, that he, Johnson, called an ambulance and the police.

It was the defendant's theory, supported by evidence, that at the time in question Johnson was drunk when he came to appellant's place of business where several negro women had congregated and were engaged in drinking beer; that one negro woman became rather boisterous and used some bad language; that appellant approached her and told her not to use such language; that at this time, Johnson, the injured party, appeared on the scene, caught appellant by the arm, jerked him around and slapped him three times when they clinched and in the tussle which followed, appellant drew his knife and began stabbing Johnson in the neck and shoulder.

The complaint and information contained two counts. The first charged an assault with a knife, a deadly weapon from the manner in which it was used. The second count charged the infliction of serious bodily injury.

The court, in his charge to the jury, only submitted the first count wherein appellant was charged with having committed the assault with a deadly weapon.

Appellant brings forward twelve bills of exception, some of which relate to the admission and exclusion of evidence and some relate to the court's action in overruling his objections to the court's charge and the refusal to give his specially requested charges. Appellant in his brief only urged six of his bills. These complaints will be disposed of in the order in which they are presented.

Bills of Exception Nos. 1 and 2 will be considered and disposed of together since in each of the bills he complains of the admission in evidence of the testimony of Horace Johnson and

that of his wife, Tremble Johnson, who testified to the following statement made by her in the presence of appellant within about 5 or 10 minutes after the stabbing, to-wit: "Powell, don't cut him any more, please." Powell was the defendant who came with his open knife in hand to where the injured party was sitting down. Appellant made no reply but walked away. Appellant objected to this testimony on the ground that the same was too remote in point of time; that it was hearsay on the part of the injured party; that it was prejudicial and inflammatory, etc. We think that this testimony was admissible as part of the transaction itself. In support of our conclusion we refer to the following authorities: Redman v. State, 149 S. W. 670; Smith v. State, 156 S. W. 214; Long v. State, 48 Tex. Cr. R. 175; Jeffries v. State, 9 Tex. Cr. R. 598 |602).

By Bill of Exception No. 3 he claims that the court erred in sustaining the State's objection to his endeavor to prove by Oscar Dodson that the injured party had a reputation of being a mean and troublesome individual when drinking. This bill is deficient in that it fails to show that he would have proved by the witness that Johnson had such a reputation. The mere fact that he endeavored to do so does not show that he could and would have done so. See Ahlgreen v. State, 91 Tex. Cr. R. 267 (238 S. W. 651).

Appellant's next contention is that the evidence is wholly insufficient to sustain his conviction on the count in the information which charged that he committed the assault with a deadly weapon, that being the only count upon which the case was submitted to the jury. This question is not free from difficulty. The assault was made with an ordinary pocket knife, the blade of which was two inches long. The knife not being per se a deadly weapon, the burden rested on the State to prove that it became a deadly weapon from the manner of its use. In this, the State failed. There is not any evidence from any source that the wounds inflicted were serious, nor is the nature or extent of the same shown which would serve as a predicate upon which the jury could base their conclusion that it was a deadly weapon. It may be that on another trial the State will be able to strengthen its evidence.

Appellant in due time objected to the court's charge because the court failed to charge on the law of simple assault and he presented a special charge on the subject which the court declined to give.

We think that under the facts as they appear in the record appellant was entitled to an instruction on simple assault and battery since there was not sufficient proof that the knife used was a deadly weapon.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.