ANNIE MAE BEEVERS v. THE STATE.

No. 23901. Delivered Jauary 28, 1948.
Rehearing Denied March 17, 1948.

Mahlon L. Walters, of Jefferson, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of possession of an alcoholic beverage containing more than one-half of one per cent of alcohol by volume, to-wit: beer to which no tax stamp was affixed showing the payment of the tax due to the State of Texas as required by law. Upon her trial, she was convicted and her punishment was assessed at a fine of $100.00.

Appellant brings forward a number of complaints which cannot be properly appraised for the reasons hereinafter stated. We find incorporated in the transcript what purports to be a statement of the facts. This is a violation of Section 2 of Article 760, C. C. P. Therefore, the same cannot be considered. In the absence of a statement of facts, we cannot determine her contention, that the evidence is insufficient to sustain her conviction, nor can we properly appraise her bills of exception.

The complaint and information seem to be sufficient to charge the offense. Therefore, the court did not err in overruling her motion to quash the same, nor did the court err in declining to sustain her motion to transfer the case to the United States District Court.

Finding no error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The statement of facts being now before us, the case is considered in that light.

Peace officers and agents of the Liquor Control Board, by

virtue of a search warrant, made a search of appellant's premises and found in a smoke-house adjacent to and within a few feet of appellant's residence four cases of bottled "home brew." No tax stamp evidencing the payment of the required tax was affixed. Appellant was present at the time of the search.

A chemist analyzed some of the bottles and testified that they contained beer, a malt beverage, the alcoholic content of which was 4.4% by volume and 3.52% by weight.

Appellant did not testify.

This testimony showed a violation of Art. 666-3a and 666-17, Sec. (12) of Vernon's Annotated Penal Code, making it unlawful to possess an "illicit beverage," of which offense appellant stands convicted.

Several bills of exception appear which challenge the receipt in evidence of the testimony showing the result of the search. The grounds of objection, as stated in these bills, are that the search was not made as incident to a lawful arrest nor upon probable cause but upon an invalid search warrant. These statements of grounds of objection are in no wise authenticated as true in the bills. Mere statements of grounds of objection do not establish that such statements are true. However, looking to the search warrant and affidavit for search warrant as contained in the statement of facts, these appear to be regular and authorized the search.

Bill of Exception No. 10 complains of the receipt in evidence of the affidavit for search warrant and the search warrant. Ordinarily, such instruments are admissible in evidence only before the court, as tending to show the validity of the search. Such instruments are not admissible before a jury, as tending to establish guilt. Here, the case was tried before the court and not a jury. In such cases the trial court is the judge, both of the law and the facts. There is nothing in the bill of exception showing that his judgment finding appellant guilty was based upon the affidavit and search warrant. The instruments were admissible before the court as a predicate for the admission of the testimony showing the result of the search. The presumption attains that the trial court considered them for that purpose only. Consequently, the bill fails to reflect error.

Other matters appearing have been examined and are overruled without discussion.

The motion for rehearing is overruled.

Opinion approved by the Court.