### T. E. LITTLE V. STATE.

No. 24340. April 13, 1949.
Rehearing Denied May 25, 1949.

410

*H. A. C. Brummett,* Dickens, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful possession of intoxicating liquor for the purpose of sale in a dry area; the punishment, a fine of $500 and imprisonment in the county jail for 35 days.

The statement of facts appears incorporated in the transcript. By the express provisions of Art. 760, C. C. P., as amended, we are precluded from considering such a statement of facts. See: Beevers v. State, 209 S. W. (2d) 175; Reece v. State, 209 S. W. (2d) 177.

The complaint and information charge the offense for which appellant stands convicted.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The statement of facts is now before us. The case will be considered in the light thereof.

Appellant insists that the facts are insufficient to support the conviction because Dickens County was not shown to be a dry area within the meaning of the liquor control act, in that the state failed to introduce in evidence the order of the com-

missioners court ordering the election upon the question of prohibition.

The statement of facts does not contain such an order. There was introduced in evidence, however, the order of the commissioners court canvassing the returns and declaring the result of the election, which reads as follows:

"WHEREAS at a certain Election held at the Regular Meeting places and precincts of and within the County of Dickens and State of Texas on Friday the 14th day of March, A. D. 1902, by virtue of an order of the County Commissioners Court of Dickens County, Texas, to determine whether or not the sale of intoxicating liquors shall be prohibited in said County of Dickens.

"ONE HUNDRED AND TWENTY THREE VOTES were cast for prohibition and ONE HUNDRED AND ONE VOTES WERE cast against *probition* as appears to said from an inspection of the official returns of said election it appearing to the Court that a majority of all the votes cast at said election were for prohibition.

"NOW THEREFORE the said Commissioners Court in puruance of law does hereby declare that said votes cast at said election resulted in favor of and for prohibition and it is THEREFORE ORDERED by said Court that the sale of intoxicating liquors within the limits and bounds of Dickens County, Texas, except the sale of wines for sacramental purposes and alcoholic stimulants as medicine in cases of actual sickness when sold upon the written prescription of a regular practicing physician dated and signed by him certifying upon honor that the same is actually neccessary as medicine by and is hereby absolutely *prohited* until such time as the qualified votes of said Dickens County may at a legal election held for that purpose by a majority vote decide otherwise and it is further ordered by the Court that this order be published for four *consecutive* weeks in the WESTERN STAR a newspaper published in said Dickens County, Texas."

The publication of the result putting local option into effect was properly shown.

It is insisted by the state that, even though there was no testimony showing that the order for election was not duly made and entered, the recitations contained in the first paragraph of the order above set out were sufficient to constitute prima facie evidence that the order calling the election was duly made and entered.

It is apparent that the language employed in the paragraph

mentioned constituted a finding by the commissioners' court that the election was held "by virtue of an order of the County Commissioners' Court of Dickens County, Texas."

Such order and finding, in so far as it tended to show that the election was ordered by the commissioners' court, were received in evidence without objection. Moreover, the jury was not called upon to determine whether the order of election had been entered, in order to convict.

As the case was submitted to the jury, appellant's guilt was made to depend upon a finding that he possessed the intoxicating liquor for the purpose of sale in Dickens County, a dry area. No exception was reserved to the charge, nor were any special charges requested seeking to have the jury find the constituent elements necessary to constitute Dickens County a dry area in order to convict.

It is apparent, therefore, that, as the record is here presented, the trial court found the facts sufficient to show that the prohibition election had been duly ordered and that Dickens County was a dry area.

We are constrained to agree with the state that the order mentioned was sufficient to authorize the trial court to so find— especially in the absence of any objection by appellant during the trial of the case. The evidence abundantly established possession by appellant of a large quantity of intoxicating liquor.

The sole question presented for review is that discussed herein.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.