RANDOLPH BREWSTER V. STATE.

No. 24546. December 14, 1949.
Rehearing Granted January 25, 1950.

*Paul W. Anderson,* Marshall, for appellant.

*William L. Taylor,* County Attorney, Marshall, and *George P. Blackburn,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

Appellant was convicted of the offense of driving an automobile upon a public highway while intoxicated; and his punishment was assessed at confinement in the county jail for a period of thirty days and a fine of $150. From which judgment of conviction, he has appealed to this court.

Appellant has a number of bills of exceptions in the record, some of which were filed too late to be considered. However, the statement of facts is incorporated in the transcript, which is in violation of Art. 760, Subdivision 2, of Vernon's Ann. C. C. P., as amended by the 42nd Legislature. See also Beevers v. State, 151 Tex. Cr. R. Rep. 455, 209 S. W. 2d 175; and Reece v. State, 151 Tex. Crim. Rep. 425, 209 S. W. 2d 177. Therefore, the same cannot be considered by this court and in the absence of a statement of facts, the bills of exceptions which were filed within the time prescribed by law cannot be properly appraised.

The complaint and information appear to be in due form. Consequently, the record fails to disclose any error.

Therefore, the judgment of the trial court is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The original statement of facts in the foregoing cause has been forwarded to this court and it appears that same was properly filed with the county clerk within the time allowed by law. Apparently the attorney for appellant had a misconception of how the statement of facts should come to this court and, upon his instruction, the county clerk included the same in the transcript. It should have been forwarded by the clerk as a separate instrument. The logic for this rule is probably understood by the legislature which passed the law.

A jury was selected in the trial of the case. After some procedure had been taken, the case was withdrawn from the jury by agreement and submitted to the court, who found appellant guilty and assessed the fine stated in the original opinion.

Since we are privileged to consider the bills of exception, it is noted that the court has signed a bill of exception specifically certifying that: "The Court erred in finding the Defendant guilty because the evidence is insufficient to convict the Defendant, as charged.

We have examined the statement of facts as it now appears in the record and the only evidence offered by the state to show that the appellant was the driver of the car in question was that of two officers who testified that one of the state's witnesses told them, at the time of the accident, that the defendant was the driver. This same witness, testifying on the stand in behalf of the state, gave a different version. He denied making the statement to the officers and said that the defendant was in the back seat at all times. The evidence of the two officers could have no probative force other than to impeach the witness. The state still had the burden of proof to show that appellant was the driver of the car.

Appellant's motion for rehearing is granted and the judgment of the trial court is now reversed and the cause is remanded.