CAL OWEN GARRETT v. STATE

No. 28,843. February 20, 1957.

*Frank Sparks*, Eastland, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Under an indictment charging assault with intent to mur-

der, the appellant was convicted of aggravated assault, and his punishment assessed at one year in jail.

Our able state's attorney confesses error, and we agree.

In submitting aggravated assault to the jury in his charge, the court authorized a conviction only if they found that the assault was committed with a deadly weapon.

In the course of the fight at an establishment where drinking was in progress, the injured party took the instrument used in the assault away from the appellant, later delivered it to the officers, and it was introduced in evidence. One of the officers testified that the blade at its longest point was 3/4" in length. The instrument accompanies the record, and we find his description to be accurate.

The injured party testified that he was treated at the hospital for about an hour, went home and went to bed, and was downtown the first thing the following morning.

The doctor who treated him testified that he did not consider the wounds as serious ones if properly treated, that two of them were just through the skin, while the third was approximately two inches deep for a distance of four inches, and that they did not impair his capacity to "use his arms and get around."

The instrument used was clearly not a deadly weapon per se and does not appear to have become one from the manner of its use.

We have concluded that the evidence does not support the conviction for an assault with a deadly weapon. Miller v. State, 59 Texas Cr. Rep. 249, 128 S.W. 117; Gonzalez v. State, 146 Texas Cr. Rep. 108, 172 S.W. 2d 97; and Tipps v. State, 151 Texas Cr. Rep. 340, 207 S.W. 2d 410.

The judgment is reversed and the cause is remanded.