ARTHUR WESTON SKELTON v. STATE

No. 29,174. October 23, 1957.

*Fred Bruner, Daugherty* and *Bruner,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Charles D. Cabaniss* and *A. D. Bowie,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $100.00.

The trial was before the court without the intervention of a jury.

Deputy Sheriff Smith testified that, while on patrol on the day in question, he observed a pickup truck "weaving back and forth, from on the shoulder back onto the right of way," that he turned on his siren and brought the truck to a halt, that the appellant who was the driver thereof had a flushed face, dilated eyes, walked unsteadily, smelled of alcohol, and, in his opinion, was intoxicated. A search of appellant's truck revealed "one full fifth and one fifth had been about half drank." Appellant was arrested and carried to jail.

Appellant, testifying in his own behalf, admitted having had three drinks mixed with coca cola approximately an hour before he was arrested, stated that he had not had much experience drinking alcoholic beverages, but denied that he was intoxicated.

We find the evidence above stated to be sufficient to support the finding of the trial court.

Bill of Exception No. 1 contains a contention, certified to as such by the trial court, that the date on the information was not clear or intelligible. Attached to the statement of facts following the approval is what purports to be a photostatic copy thereof. The same was not introduced in evidence nor made a part of the bill of exception and is therefore not before the court for consideration.

Bill of Exception No. 2 complains of the admission into evidence of the results of a blood test made after the appellant's arrest. The state, in developing the chain of custody of the blood sample, failed to make the proof requisite for its admission into evidence. However, since this was a trial before the court, we must assume that he considered only the admissible evidence. Arnold v. State, 161 Texas Cr. Rep. 344, 277 S.W. 2d 106, and Tealer v. State, 163 Texas Cr. Rep. 629, 296 S.W. 2d 260. No error is reflected by the bill.

Finding no reversible error, the judgment of the trial court is affirmed.