## ROBERT R. GARRETT V. STATE

No. 29,288. November 27, 1957.

*Edwin W. Carp*, San Antonio, for appellant.

*Hubert W. Green, Jr.* Criminal District Attorney and *Anthony J. Ferro,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is carrying a pistol; the punishment, a fine of $100.00.

Officer Stover of the San Antonio police testified that, while on patrol on the night in question, he observed an automobile make a left turn at a street intersection without a signal and almost run into a curb; that he gave chase and ordered the appellant, who was alone in the automobile, to halt, asked him whose automobile he was driving, and was informed that it belonged to the appellant. He stated that, while he was talking to the appellant, his fellow officer searched the automobile and found a loaded pistol.

Officer Clark testified that after the appellant came near hitting the curb, and while they were in pursuit, he noticed the appellant lean over the steering wheel and that, after the automobiles came to a halt and while Stover was talking to the appellant, he looked under the front seat on the driver's side of the automobile driven by the appellant and there saw the butt of a revolver. He stated that he later found the holster and a box of cartridges in the glove compartment.

The appellant, testifying in his own behalf, stated that the

automobile belonged to his friend McCoy and that he had borrowed it for the evening and did not know about the pistol being under the front seat until the officers found it.

McCoy testified that the automobile and the pistol belonged to him.

The judge who heard the case without the intervention of a jury failed to accept the appellant's defense, and we find the evidence sufficient to support the judgment. This case is readily distinguishable from Summerville v. State, 164 Texas Cr. Rep. 591, 301 S.W. 2d 913, relied upon by the appellant, because in that case there were several other occupants of the automobile, while in the case at bar the appellant was alone.

Appellant in his brief contends that the court erred in permitting the prosecutor to cross-examine the appellant and his witness McCoy about ancillary acts of misconduct.

When the trial is before the court without the intervention of a jury, it will be presumed that he ignored any inadmissible evidence. Widener v. State, 159 Texas Cr. Rep. 256, 262 S.W. 2d 401; Martin v. State, 160 Texas Cr. Rep. 364, 271 S.W. 2d 279; and Arnold v. State, 161 Texas Cr. Rep. 344, 277 S.W. 2d 106.

Finding no reversible error, the judgment of the trial court is affirmed.