AMBROSE SIMON DAIGLE, JR. V. STATE.

No. 30,093. November 12, 1958.

*H. P. Robichau, Jr.,* Beaumont, for appellant.

*Ramie H. Griffin,* Criminal District Attorney, *W. T. Wood,*

*Jr.*, Assistant Criminal District Attorney, Beaumont, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

Officer Floyd testified that on the night in question, while on patrol and while stopped for a red light at the intersection of 11th Street and the Freeway in the city of Beaumont, a 1957 Ford Fairlane 500 approached his automobile from the rear at a high rate of speed, ran the stop light, and he gave chase. He stated that at one time he was traveling 95 miles per hour, but the Ford ran away and left him. Some distance further on Floyd stopped the police automobile, received instructions from another motorist, turned around and returned to Lucas Drive, where he turned off the street he had been traveling, and shortly thereafter discovered the Ford, which he had been pursuing, in the ditch. Upon investigation, he learned that the front end of the Ford had been torn out from under it when it hit two culverts, and he saw the appellant seated under the steering wheel making an effort to drive the Ford out of the ditch. He stated that he asked the appellant who owned the Ford and the appellant replied that he did, but the appellant refused to get out until he (Floyd) reached for his night stick, and expressed the opinion from the appellant's speech, manner of walking and the appearance of his eyes that he was intoxicated.

Auxiliary Officer Nicholas, Floyd's partner, corroborated his testimony and added that after the appellant was placed in the police automobile he asked to be given a "break."

The appellant did not testify in his own behalf, but offered two witnesses who testified that, though drinking beer on the night in question, the appellant was not intoxicated.

Appellant contends that the evidence is insufficient to establish that he drove an automobile on the night in question or that he drove the same upon a public highway, and relies upon Pena v. State, 153 Texas Cr. Rep. 637, 224 S.W. 2d 258; Brewster v. State, 154 Texas Cr. Rep. 177, 226 S.W. 2d 124; and Threet v. State, 157 Texas Cr. Rep. 497, 250 S.W. 2d 200. In none of the cases relied upon by the appellant was the accused upon the scene at the time of the arrival of the officers nor did

any witness see them sitting under the steering wheel, and are not here controlling.

The state relies upon Thomas v. State, 162 Texas Cr. Rep. 268, 283 S.W. 2d 933. In Thomas, as in the case at bar, the accused was found seated under the steering wheel of his automobile. After the collision, Thomas said that he was sorry it had happened, while here the appellant asked the officers to give him a break.

We have concluded that Thomas is here controlling and hold the evidence sufficient to support the conviction.

No reversible error appearing the judgment of the trial court is affirmed.