WILLIE ROBERT MILLIGAN V. STATE

No. 33,007. February 22, 1961

*Guinn, Guinn and Truex,* El Paso, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

Trial was before the court without the intervention of a jury.

Officers Blackstone and Blanco testified that, while on the lookout for a certain automobile, they saw appellant driving one which fit the description traveling at a high rate of speed on Dyer Street but that, because of the five o'clock traffic, they were unable to overtake him until after they had followed him a mile and a half; that during their pursuit they saw his automobile cross over the center stripe on several occasions, which made it necessary for the oncoming traffic to drive off on the shoulder in order to avoid a head-on collision. They stated that when they did over-

take appellant he had pulled off on the shoulder of the road and was seated in the driver's seat and that just before they arrived a woman made a U-turn and pulled in behind appellant's automobile. They testified that "he smelled very strongly of some alcoholic beverage" and that when they began to question him he became very belligerent and wanted to fight "and the more we talked the madder he got"; that a half-full fifth of whiskey was between his legs and that they placed him under arrest because in their opinion he was intoxicated. They stated that they carried him straightway to the hospital, where appellant consented in writing to the taking of a blood test, stating that "he would prove he wasn't intoxicated," and that a test was taken, the container sealed and signed by Blackstock, and turned over to their lieutenant, and they identified the container and its contents at the trial.

Stella Rangel, an employee of the hospital, testified that appellant "was pretty drunk" and that she saw the blood sample being taken from appellant's arm and that she heard him "cussing" around the hospital.

Chemist and toxicologist Hanna of the Department of Public Safety testified that he received the blood sample introduced in evidence, tested the same and found it to contain .21 per cent of alcohol, which was indicative of intoxication.

Appellant and his witnesses testified to an entirely different state of facts. His cook testified that as she was driving in to town she saw appellant seated in his automobile on the side of the road, that she made a U-turn and pulled in behind him, and that the officers did not arrive for some time thereafter, at which time they found a full bottle of whiskey with the seal unbroken. She testified that though appellant ran a bar he never drank and was not intoxicated at the time of his arrest.

Appellant testified that he had not had a drink of intoxicants in the last ten years and attributed his condition to two Miltown tranquilizers he had taken earlier in the afternoon as well as some other medicine. On redirect examination, it was developed that appellant had plead guilty to driving while intoxicated in Oklahoma in the distant past. He denied that he had even broken the seal on the bottle of whisky which the officers found, but admitted that when they examined it it "looked like some was gone." He stated that he did not remember going to the hospital or giving a blood sample.

Only two questions are advanced on appeal. Appellant con-

586

tends that his arrest was unlawful because the two officers were outside their jurisdiction as the arrest took place past the city limits. The officers testified that they began their pursuit well within the city limits, but, be that as it may, this Court has held that a city policeman has the authority under Article 803, V.A. P.C., to make an arrest outside the city for the offense of driving while intoxicated. Hurley v. State, 155 Tex. Cr. R. 315, 234 S.W. 2d 1006, and Winfield v. State, 163 Tex. Cr. R. 445, 293 S.W. 2d 765.

Appellant next contends that the evidence is insufficient to support the conviction because the chain of custody of the blood sample is not proven in that the police lieutenant to whom it was turned over by the arresting officers was not called as a witness to testify that he mailed the sample to Hanna. He overlooks the fact that this was a trial before the court, a jury being waived, and that there was other evidence besides the blood sample to support the court's finding of intoxication. In such cases, this Court presumes that the trial court ignored any inadmissible evidence. Garrett v. State, 165 Tex. Cr. R. 328, 307 S.W. 2d 270, and the cases there cited.

The court failed to accept appellant's defense, and we find that there is ample evidence aside from the blood test to support the judgment.

Finding no reversible error, the judgment of the trial court is affirmed.