MARION M. MOODY ET AL, EDYTHE R. PAGE ET AL, MARTHA JONES ET AL V. STATE

Nos. 34,092, 23,093 and 34,094. March 14, 1962
Motion for Rehearing Overruled May 2, 1962

*Hamah R. King,* and *George Washington, Jr.,* Houston, for appellants.

*Frank Briscoe,* District Attorney, *Samuel R. Robertson, Jr., David Ball, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The appeals in the above numbered and styled causes are from convictions of the appellants for the offense of unlawful assembly, Art. 449 P.C. Appellants Page and McCalister each entered a plea of nolo contendere, and each of the other appellants plead not guilty. After waiving a jury trial, all of the appellants were found guilty and fined $100 each.

These are companion cases charging the commission of the same offense, occurring at the same time and place. The statement of facts in each case are the same. Therefore, the three cases are consolidated and will be considered and disposed of together.

The appellants were charged with intentionally aiding each other by standing together in a continuous line near the ticket office of Lowe's State Theater to prevent the sale of tickets and thereby deprive Homer William McCallon from engaging in the operation of the theater.

The evidence shows that about 7:30 P.M. on March 16, 1961, several police officers of the City of Houston were called to Lowe's State Theater. On arriving, they found a group of about 22 persons, including the appellants, standing together around the ticket office at the entrance of the theater. The horseshoe shape of the group in a continuous line near and around the three ticket windows prevented other persons from purchasing tickets at the theater.

The theater manager, Homer William McCallon, testified that

he saw two of the group pushing against the door at the rear of the ticket office in an effort to prevent the assistant manager from entering, but that they stopped after seeing him. He further testified that during this time, it was impossible to carry on normal operations because of the actions of the group in blocking all of the ticket windows and preventing the sale of tickets at the windows.

The testimony further shows that the group was told that "they could continue to peacefully picket but to leave one of the ticket windows open". Following this, the group moved back from the ticket window, held a brief conference, then announced, "we will not move," and resumed their position blocking all of the ticket windows.

The appellants did not testify or offer any evidence in their behalf.

There are no formal bills of exception. The trial being before the court without a jury, it is presumed that any inadmissible evidence was not considered by the court. Garrett v. State, 164 Texas Cr. Rep. 275, 307 S.W. 2d 270; Milligan v. State, 343 S.W. 2d 458.

No brief has been filed on behalf of the appellants.

The evidence is sufficient to warrant the conclusion that the appellants are guilty as charged.

The judgment is affirmed.

Opinion approved by the Court.