James L. ATKINS, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 40560.

Court of Criminal Appeals of Texas.

Jan. 10, 1968.

Second Rehearing Denied Feb. 21, 1968.

Darrell G. Lochte, Kerrville, for appellant.

G. F. Steger, County Atty., Columbus, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION ON MOTION TO REIN-STATE THE APPEAL AND ON REHEARING

MORRISON, Judge.

It has now been shown that sentence was imposed and the appeal is reinstated.

Our prior opinion on motion to reinstate the appeal is withdrawn, and the following substituted in lieu thereof.

■ Trial was had before the Court without the intervention of a jury, and in such cases it will be presumed that the Court ignored any inadmissible evidence. See cases collated in our opinion in Garrett v. State, 165 Tex.Cr.R. 328, 307 S.W.2d 270. It is also presumed that the Court ignored improper remarks or argument of State's counsel. Widener v. State, 159 Tex.Cr.R. 257, 262 S.W.2d 401.

His principal ground urged by brief and in argument is that the State's evidence shows that he was innocent, and therefore, the evidence is insufficient to support the Court's finding of guilt. Appellant did not testify in his own behalf and only recalled two State's witnesses in rebuttal.

■ There is no question but that the collision occurred in the daytime on appellant's left hand lane of the two lane highway and that he struck an on-coming Volkswagen traveling in its proper lane, killing all four of its occupants. He seeks to justify his passing by excerpts from the testimony of two State's witnesses which he construes as establishing that the Volkswagen was not in sight when he started around the first car which he sought to pass, and by the time it came in view the car which was in front of the car he intended to pass slowed up, thus closing the gap and rendering his return to his right lane impossible. As we view the evidence, it supports the trial court's finding that such did not occur.

The highway patrolman who investigated the accident testified and the pictures of the highway illustrate that the collision occurred on a straight, level section of the highway midway between two crests which were more than a mile apart. In Woychesin v. State, 159 Tex.Cr.R. 451, 249 S.W.2d 203, we said:

"The view we take of the evidence is that, even though the State's witnesses did not see deceased in the street until immediately before the accident, this is not significant because they were under no duty to do so, while appellant was under such a duty."

One of the State's witnesses who was proceeding in the same direction as appellant testified that appellant passed him, returned to his right lane of traffic, then passed two more cars, again returning to his right lane and was in the process of passing three other cars at the time the fatal collision occurred. This testimony

alone, if accepted by the Court as credible, is sufficient to support the Court's finding of guilt.

It is true that two of the State's witnesses testified at one juncture of their examination that they saw no apparent danger in appellant's act of passing at the time he started his pass, which was in conflict with their earlier testimony and in conflict with other testimony. However, the rule is set forth in 57 Tex.Jur.2d Trial Sec. 572, p. 330, as follows:

"The court in a nonjury trial is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony, and it may believe all, none, or a part of the testimony of any witness. The judge must weigh the evidence as a whole, giving it the probative force he believes it is entitled to, harmonizing, so far as possible, conflicting testimony, and crediting or disbelieving witnesses in the light of conditions and circumstances under which their testimony was offered."

In deference to earnest counsel's argument, we will discuss his ground of error as raised in the brief.

■ We find no evidence of any atmosphere of intense prejudice in the courtroom during appellant's trial. Had this been a trial before a jury, then several of appellant's objections that certain evidence was repetitious should have been sustained, but as stated above, this Court has held that in a trial before the Court it will be presumed that he did not consider evidence which was inadmissible. The fact that the State called more witnesses and put on more testimony than was required to make out a prima facie case has never, so far as we know, been held to constitute reversible error.

■ We overrule appellant's contention that there was a fatal variance between the information and the proof. There was no motion to quash the information. While not approved as a form, the information alleged that appellant "was then and there in the performance of an unlawful act, to-wit, the said James L. Atkins III was then and there unlawfully driving and operating a motor vehicle upon the left side of a public highway there situate when not overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement; nor when the right half of said roadway was closed to traffic while under construction or repair; nor when said roadway was divided into three marked lanes of traffic under the rules applicable thereon; nor when roadway was designated and signposted for one-way traffic which said highway was a width of not more than one line of traffic in each direction, and at which time there was approaching in the opposite direction on said highway another vehicle in which Jose Fuentes, Jr., was an occupant * * *"

The proof amply supported such and shows a violation of Section 56 of Article 6701d, Vernon's Ann.Civ.St.

We decline to agree with appellant that the facts shown establish a case of excusable homicide.

■ We find no error in the introduction of the pictures. No bodies or blood were shown. The picture of the mother and her son who later died was admitted without objection.

■ We find no error in the admission of the evidence that appellant admitted on the scene and before being placed in custody that he was the driver of the Pontiac which was shown to have been licensed under his name. Daigle v. State, 166 Tex. Cr.R. 623, 317 S.W.2d 739.

Finding no reversible error, the judgment is affirmed, and appellant's motion for rehearing is overruled.