Carl L. JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41269.

Court of Criminal Appeals of Texas.

May 29, 1968.

**348**

Black, Hebinck & Hargrove, by Bernard L. Hebinck, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joseph W. Doucette and Robert R. Scott, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is aggravated assault; the punishment, 45 days in jail.

The information alleged that appellant, an adult male, made an assault on Eddie Koonze, a female.

Trial was before the court on a plea of not guilty.

Appellant's court appointed counsel on appeal submits as fundamental error a portion of the cross-examination of appellant in which counsel for the state inquired as to whether he had ever been in a stolen car; whether he had ever "stolen anything before," and whether he was a public drunk or a "wino."

The ground of error complains that the introduction of such extraneous offenses into the trial proceedings before judgment was calculated to prejudice the court against appellant and to deny him a fair trial.

While the questions were improper, in a trial before the court it will be presumed that any evidence improperly admitted was disregarded. Neely v. State, Tex.Cr.App., 409 S.W.2d 552; Atkins v. State, Tex.Cr. App., 423 S.W.2d 579; Garrett v. State, 165 Tex.Cr.R. 328, 307 S.W.2d 270; Widener v. State, 159 Tex.Cr.R. 257, 262 S.W. 2d 401.

For like reason appellant's complaint that the testimony of the rebuttal witness Hassell should have been stricken and not considered by the court is without merit.

Appellant next complains that there is no evidence in the record as to appellant's age and that the evidence is insufficient to prove that he was an adult male, as charged in the information, at the time of the alleged offense (March 29, 1967).

At the trial on June 12, 1967, the complaining witness Koontz was asked: "Is he (appellant) an adult male?" to which she answered "Presumably, yes."

That appellant was in fact an adult male on March 29, 1967, is further reflected by his testimony that he had known one Gussie Laghides, a mechanic, "since 1940."

The testimony of the prosecuting witness is deemed sufficient to sustain the court's finding that appellant committed the assault as alleged on March 29, 1967.

The judgment is affirmed.