**Andres G. MONTES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44310.

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

Eugene H. Lieck, San Antonio (On Appeal Only), for appellant.

Ted Butler, Dist. Atty., John L. Quinlan, III, Arthur A. Estefan and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary; the punishment, seven (7) years.

Trial was before the court without the intervention of a jury. Appellant's first ground of error relates to the admissibility of evidence relating to the finding of the fruits of the burglary in a certain house where appellant was arrested. We look to what admissible evidence was before the court without objection to show that a burglary occurred and that appellant was a party to the breaking.

De Leon and his wife testified that they left their house with the doors securely fastened on the morning in question and that later in the day they learned police officers were at their house making an investigation. They stated that when they arrived they found that the back door had been broken into and that certain articles were missing. They did not know the appellant.

In addition, the court heard the testimony of Mrs. Sofia Escobedo and Melinda Scott, neighbors of the De Leons, who testified that they saw the appellant, in company with his co-principals, stop his automobile in front of the De Leon house on the morning in question and after unsuccessfully trying the front door, go to the rear of the De Leon home and then leave with a stereo set and other articles which the De Leons had testified had been stolen. These facts without reference to the evidence relating to the recovery of the stolen property were sufficient to sustain the court's finding of guilt for the offense of burglary with intent to commit theft.

Under the uniform holdings of this Court, it will be presumed that the trial court sitting without a jury disregarded any testimony which was not admissible. See Skelton v. State, 165 Tex.Cr.R. 247, 306 S.W.2d 127; Garrett v. State, 165 Tex.Cr.R. 328, 307 S.W.2d 270; Arnold v.

State, 161 Tex.Cr.R. 344, 277 S.W.2d 106; Anderson v. State, Tex.Cr.App., 385 S.W.2d 391; Atkins v. State, Tex.Cr.App., 423 S.W.2d 579; United States v. Dillon, 436 F.2d 1093 (5th Cir.).

Having concluded that there was sufficient evidence before the court to establish that the appellant was guilty of the crime charged, the judgment is affirmed.