Vincent LAROCCA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 44939.

Court of Criminal Appeals of Texas.

May 9, 1972.

Clayton, Friday, Friedman & Burroughs by Jeffrey M. Friedman, Austin, for appellant.

Robert O. Smith, Dist. Atty., Sykes Houston, Lawrence Wells, Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, upon a plea of not guilty before the court, two (2) years, probated.

Appellant's first ground of error is that the court erred in failing to sustain his motion to suppress the evidence of the marihuana found in the apartment because it was the product of an illegal search. The record reflects that, acting pursuant to a search warrant, officers of the Austin Police Force, Special Service Division, went to the Municipal Auditorium, where appellant was employed, and informed him they had a search warrant for his apartment and "requested," or "instructed," him

**670**

to accompany them to his apartment. He did so, admitted them to the apartment, and once inside stated, according to the arresting officer, "It's no use, I will just show you where it is," and went to the bedroom from whence he returned carrying a cigar box which he turned over to the officers and which was later shown to contain marihuana.

Appellant does not challenge the validity of the search warrant or the arrest warrant attached and made a part thereof. The search was clearly authorized under the circumstances.

His first ground of error is overruled.

■ Appellant's second ground of error is that his statement, "It's no use, I will just show you where it is," made to the officers after their arrival at the apartment, was inadmissible because he had not been given a "Miranda" warning. The record reflects that appellant did not raise any issue concerning the statement at the pretrial hearing on the motion to suppress and that he did not object to the police officers' testimony concerning the statement at his trial. In the absence of a timely objection, no error is preserved. Bitela v. State, Tex. Cr.App., 463 S.W.2d 738; Watkins v. State, 411 S.W.2d 364, and Jackson v. State, Tex. Cr.App., 477 S.W.2d 879 (1972).

■ Further, it appears that the statement in question was not made as a result of interrogation but, rather, was a volunteered statement. Additionally, since this was a trial before the court, if the statement was inadmissible, it is presumed that the trial court disregarded any inadmissible evidence. Montes v. State, Tex.Cr.App., 473 S.W.2d 34; Rogers v. State, Tex.Cr. App., 448 S.W.2d 465; Milligan v. State, 170 Tex.Cr.R. 584, 343 S.W.2d 455, and Garrett v. State, 165 Tex.Cr.R. 328, 307 S.W.2d 270.

The second ground of error is overruled.

Finding no reversible error, the judgment is affirmed.