IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-145-CR




RONALD HOSEA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 105,663, HONORABLE JON N. WISSER, JUDGE


 





PER CURIAM

 The district court found appellant guilty of theft of property having a value of $750
or more but less than $20,000. Tex. Penal Code Ann. § 31.03 (1989 & Supp. 1992). The court
assessed punishment at imprisonment for nine years.

 On the morning of September 7, 1990, appellant and another man entered A-1 Sales
and Service, a lawn mower store in Austin. While appellant's companion engaged the manager
in conversation, appellant wandered about the store, often gazing out the window toward the
building next door. The two men left after about thirty minutes. Later that day, the manager
discovered that a lawn mower that had been on display outside the store was missing. He testified
that the stolen mower was "the closest Honda that sits to the next-door neighbor's property. He
has a little fence way there that you can push a lawn mower up underneath and get on to his
property."

 The missing mower was a Honda, model number HRA-216 SX. Approximately
one hour after he left the lawn mower dealership, appellant pawned a lawn mower of that make
and model at a pawn shop eleven blocks away. Two weeks later, the pawn shop was contacted
by the police and told to place a hold on this mower. (1) This call came from the officer
investigating the A-1 theft, who testified that the mower described on the pawn ticket was the
mower reported stolen. The officer was too late; appellant redeemed the mower four days after
he pawned it. The stolen mower was never recovered. 

 In point of error one, appellant contends the district court erred by admitting
hearsay testimony. Over appellant's objection, the investigating officer was permitted to testify
that the manager of the lawn mower shop told him that the serial number of the stolen mower was
NZAN-6005428. (2) The State concedes that the challenged testimony was hearsay, and we will
assume for the purpose of this opinion that appellant's hearsay objection was erroneously
overruled. Nevertheless, we conclude that reversible error is not presented.

 When a cause is tried before the court and there is nothing to show that the
judgment was based on the inadmissible evidence, it will be presumed that the trial judge
disregarded incompetent evidence admitted at the trial, and the judgment will not be reversed if
sufficient proper evidence was admitted to sustain the judgment. Tolbert v. State, 743 S.W.2d
631, 633 (Tex. Crim. App. 1988); Arnold v. State, 277 S.W.2d 106, 107 (Tex. Crim. App.
1955). Even if improperly admitted evidence is considered by the trial court, a reversal will not
be necessary if the properly admitted evidence is sufficient to sustain the judgment. Deason v.
State, 786 S.W.2d 711, 713 (Tex. Crim. App. 1990).

 Appellant has not met his burden of demonstrating that the district court considered
the objectionable hearsay testimony. Further, the properly admitted evidence is sufficient to
establish that the lawn mower pawned by appellant was the one stolen from the lawn mower shop. 
The first point of error is overruled.

 By his other point of error, appellant urges that the State failed to prove that the
stolen lawn mower had a value in excess of $750. We disagree. The value of stolen property is
generally the fair market value. Tex. Penal Code Ann. § 31.08(a)(1) (1989). The fair market
value is the amount the property would sell for in cash, given a reasonable time for selling it. 
Keeton v. State, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991). The store manager testified that
the stolen lawn mower had a list price of $869.95, but that it "would have sold for $800.00." 
Appellant did not object to this proof of value. Tinsley v. State, 461 S.W.2d 605, 607 (Tex.
Crim. App. 1970). The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: March 4, 1992

[Do Not Publish]
1. The evidence reflects that copies of all pawn tickets are given to the police for use in locating
stolen property. The police will request that a hold be placed on any pawned property they
suspect to be stolen.
2. The pawn shop clerk testified that the serial number of the lawn mower pawned by appellant
was 12AN-6005428. The serial number shown on the pawn ticket, which was admitted in
evidence, appears to be KZAN-6005428.