# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00561-CR

**Esau Poree, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. D-1-DC-15-301805, HONORABLE P. DAVID WAHLBERG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Esau Poree of aggravated assault with a deadly weapon, *see* Tex. Penal Code § 22.02(a)(2), and assessed his punishment, enhanced pursuant to the habitual offender provision of the Texas Penal Code, at confinement for forty-five years in the Institutional Division of the Texas Department of Criminal Justice, *see id*. § 12.42(d). Appellant's sole issue challenges the legal sufficiency of the evidence to sustain the jury's deadly weapon finding. *See id.* § 1.07(a)(17). Because we conclude that the evidence was legally sufficient to support the deadly weapon finding, we affirm the judgment of conviction.[1]

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

## Background

Appellant was indicted for aggravated assault with a deadly weapon after he cut another man with a box-cutter knife in the early morning hours of August 12, 2015, outside a homeless shelter in downtown Austin. Appellant was charged with "intentionally, knowingly, or recklessly caus[ing] bodily injury" to the victim by "cutting" the victim with a knife. *See* Tex. Penal Code § 22.01(a) (defining assault). The indictment also charged appellant with using or exhibiting a deadly weapon, a knife, during the commission of the offense. *See id.* § 1.07(a)(17). Appellant pleaded not guilty, and the case proceeded to a jury trial.

At trial, the State's witnesses included the victim, an eyewitness who was seated in a chair next to the victim at the time of the assault, and the responding police officers. The victim identified appellant as "NO" and the assailant in the courtroom, and the eyewitness referred to the assailant as "NO."[2] The victim testified that NO "swung a razor" at him when he "was sitting in a chair" and cut his hand while he was trying "to protect" himself "by blocking." He further testified that he was transported to the hospital by ambulance and required stitches from the cut. The eyewitness testified that NO approached and exchanged words with the victim. The eyewitness then demonstrated for the jury NO's actions as he was standing directly over the victim. She testified that she observed the "blue box cutter" in NO's hand and that the victim "blocked with his arm" to defend himself and then tried to run away but NO "was still trying to jab at" the victim. The eyewitness also observed one of the responding police officers chase and then tase NO, and this officer testified that appellant was the individual whom he chased and tased. Another responding

---

[2] Appellant does not dispute that he was the assailant.

2

police officer testified about his observations of the victim's injury shortly after the assault. He testified: "[The victim] had suffered a laceration to . . . his right thumb. Basically a fairly long incision on the back aspect of his hand circling around the base of the thumb effectively." The State's exhibits included a surveillance video that recorded the assault from above and behind, a video from one of the responding officer's body cameras, photographs of the victim's injury from the assault, the victim's medical records related to the assault, and the box-cutter knife that appellant used to assault the victim.

The jury found appellant guilty, found the allegations in the enhancement paragraphs true, and assessed punishment at forty-five years' confinement. *See id*. § 12.42(d). The trial court thereafter entered judgment in accordance with the jury's verdict. Appellant filed a motion for new trial, which was denied. This appeal followed.

## Analysis

### Standard of Review

Appellant's sole issue challenges the legal sufficiency of the evidence to support the jury's deadly weapon finding. When reviewing the sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). We assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 319; *see Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The

3

jury, as the exclusive judge of the facts, is entitled to weigh and resolve conflicts in the evidence and draw reasonable inferences therefrom. *Clayton v. State*, 235 S.W.3d 772, 778–79 (Tex. Crim. App. 2007); *see* Tex. Code Crim. Proc. art. 38.04; *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016).

**Deadly Weapon Finding**

The only element that appellant challenges is whether he "use[d] or exhibit[ed] a deadly weapon during the commission of the assault." *See* Tex. Penal Code § 22.02(a)(2) (stating that person commits offense of aggravated assault if person commits assault and "uses or exhibits a deadly weapon during the commission of the assault"). A "deadly weapon" is defined as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury," *id*. § 1.07(a)(17)(A), or "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury," *id.* § 1.07(a)(17)(B).

Because a box-cutter knife is not manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury, the evidence is sufficient to support the deadly weapon finding here only if the jury could have rationally found that appellant used the box-cutter knife in such a way, or intended to use it in such a way, that it was capable of causing death or serious bodily injury. *See id*.; *Johnson v. State*, 509 S.W.3d 320, 322–23 (Tex. Crim. App. 2017) (describing sufficiency review of evidence to support jury's finding that knife used or exhibited by defendant during commission of robbery was deadly weapon); *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (explaining that section 1.07(a)(17)(B) "does not require that the actor actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends a use

4

of the object in which it would be capable of causing death or serious bodily injury"); *see also Tucker v. State*, 274 S.W.3d 688, 688, 691–92 (Tex. Crim. App. 2008) (describing sufficiency review of evidence to support jury's finding that "knife or some other sharp object" was deadly weapon). "Serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Tex. Penal Code § 1.07(a)(46).

Factors used to guide a court's sufficiency analysis to determine whether a particular weapon was deadly in its manner of use or intended manner of use include: (i) "words and other threatening actions by the defendant, including the defendant's proximity to the victim"; (ii) "the weapon's ability to inflict serious bodily injury or death, including the size, shape, and sharpness of the weapon"; and (iii) "the manner in which the defendant used the weapon." *Johnson*, 509 S.W.3d at 323; *see Cortez v. State*, No. 07-13-00197-CR, 2014 Tex. App. LEXIS 4544, at *8 (Tex. App.—Amarillo Apr. 25, 2014, no pet.) (mem. op., not designated for publication) (listing factors that courts consider "[t]o determine whether a particular knife is a deadly weapon" and explaining that "[n]o one factor is determinative" and that "the fact-finder must examine each case on all of its facts to determine whether the [knife] is a deadly weapon").

To support his position that the evidence was legally insufficient to support the jury's deadly weapon finding, appellant focuses on the lack of testimony from any witness that the box-cutter knife was capable of causing death or serious bodily injury, the size of the box-cutter knife's blade, and the evidence that the victim's injury required "only stitches" and "a very brief hospital stay." The responding police officers who testified at trial did not explicitly testify that the

5

box-cutter knife was capable of causing death or serious bodily injury. The evidence also showed that the victim was released from the hospital within a few hours, and the record reflects that the cutting surface of the box-cutter knife was approximately three-quarters of an inch to one inch in length. Appellant analogizes this evidence to evidence that the Texas Court of Criminal Appeals found insufficient to support a deadly weapon finding in *Garrett v. State*, 298 S.W.2d 945 (Tex. Crim. App. 1957). The evidence in that case was that the assault was committed with an instrument with a blade that was three-fourths of an inch in length; a doctor testified that he did not consider the wounds from the assault as serious or impairing the victim's "capacity to 'use his arms and get around'"; and the victim was treated at the hospital for about an hour. *Id.* at 945.

Determining whether a weapon is deadly in its manner of use or intended use, however, depends on the particular facts of each case, and no one factor is determinative. *See Johnson*, 509 S.W.3d at 323. And expert testimony is not required to determine the character of a weapon. *See Tucker*, 274 S.W.3d at 691–92 (explaining that expert or lay witness testimony may be sufficient to support deadly weapon finding and that evidence of victim's injuries can be "sufficient basis for inferring that a deadly weapon was used" "even without expert testimony or a description of the weapon"); *Davidson v. State*, 602 S.W.2d 272, 273 (Tex. Crim. App. 1980) (stating that expert testimony, although it may be useful, is not required to determine character of weapon). Here the box-cutter knife was admitted into evidence, allowing the jury independently to evaluate its characteristics. *See Jones v. State*, No. 01-15-00642-CR, 2016 Tex. App. LEXIS 10955, at *6–7 (Tex. App.—Houston [1st Dist.] Oct. 6, 2016, pet. ref'd) (mem. op., not designated for publication) (observing that jury was capable of independently evaluating characteristics of knife that

6

was admitted into evidence to determine if knife was capable of causing death or serious injury). The surveillance video also shows appellant swinging his arm toward the victim while standing directly over the victim who was sitting in a chair, the victim then getting up and trying to run away, and appellant pursuing him.[3] The eyewitness demonstrated the assault for the jury and testified that she saw the box-cutter knife in NO's hand and that he "was still trying to jab at" the victim after the victim stood up from the chair and tried to run away. The victim also testified that NO "swung a razor" and cut him on his hand when he tried to protect himself "by blocking," and the evidence included the photographs of the victim's injury from the assault and the officer's testimony describing the "fairly long incision" on the victim's hand.

Viewing the evidence in the light most favorable to the verdict, we conclude that the jury could have rationally found that appellant used the box-cutter knife in such a way, or intended to use the knife in such a way, that it was capable of causing death or serious bodily injury. *See* Tex. Penal Code § 1.07(a)(17)(B); *Jackson*, 443 U.S. at 319 (assuming trier of fact drew reasonable inferences in manner that supports verdict); *Johnson*, 509 S.W.3d at 323 (considering defendant's actions, including proximity to victim, weapon's characteristics, and manner defendant used weapon to determine whether weapon was deadly in manner of use); *see also Jones*, 2016 Tex. App. LEXIS 10955, at *2, *6–7 (holding that evidence, including admitted pocket knife and surveillance video, was sufficient to establish that pocket knife was deadly weapon, despite evidence that cut to victim's finger from pocket knife was "minor injury"). Thus, we conclude that

---

[3] In his brief, appellant confirms that he "did make a slashing motion which can apparently be seen on [the video], which resulted in a cut to [the victim]'s hand."

7

the evidence was legally sufficient to support the jury's deadly weapon finding and overrule his sole issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the judgment of conviction.


_____

Melissa Goodwin, Justice

Before Justices Puryear, Pemberton, and Goodwin

Affirmed

Filed:   November 28, 2017

Do Not Publish