Clare J. Hoyt, J.'
Defendant moves for an order pnrsuant to sections 813-c, 813-d and 813-e of the Code of Criminal Procedure suppressing as evidence all items seized on August 17, 1963 by a police officer of the Town of Poughkeepsie, Dutchess County, pursuant to a search warrant issued by a Justice of the Peace of the Town of Poughkeepsie on that date.
Subsequent to the issuance of the search warrant, the execution and the return thereon, and on the same day, the police officer who made the search executed an information before the same Justice of the Peace charging the defendant with the crime of grand larceny in the second degree as defined by subdivision 1 of section 1296 of the Penal Law. The articles allegedly stolen were the same articles procured by the search. The crime charged, a felony, is triable after indictment in the Dutchess County Court.
The People contend that this motion is improperly before this court by virtue of the provisions of section 813-e of the Code of Criminal Procedure which provides in part that “ When an indictment, information or complaint upon which the defendant may he tried for a crime or offense has been filed in a court * * * the motion shall he made in the court having trial jurisdiction of such indictment, information, complaint or charge,” The District Attorney states that the Magistrate *931 before whom the information was filed issued a warrant and that “ it is therefore apparent that an information has been filed and that a magistrate has held the defendant to answer for a crime It is further argued that since the defendant has been held to answer in the Justices’ Court of the Town of Poughkeepsie, a different court, the motion must be made in the court having trial jurisdiction of the charge, the County Court.
This contention is erroneous. Nothing has been done since the issuance of the warrant. The Magistrate has held no proceedings on the return of the warrant. The Justice of the Peace before whom the information was executed and who issued the warrant acted as a Magistrate. It was not a proceeding in the Court of Special Sessions and the information was not filed in that court. Since no indictment, information or complaint has been filed in a court and since the defendant has not been held by a Magistrate to answer a charge in another court, the motion is properly made in the Supreme Court (Code Grim. Pro., § 813-e).
In testing the validity of a search warrant the court is to determine whether “ probable cause ” existed to support the issuance of the warrant (Giordenello v. United States, 357 U. S. 480, 486; U. S. Const., 4th Arndt; Code Grim. Pro., § 794). “ Probable cause exists when there is reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated on the premises to be searched (Carroll v. United States, 267 U. S. 132; Dumbra v. United States, 268 U. S. 435; Aberhold v. United States, 132 F. 2d 858).” (People v. Marshall, 13 N Y 2d 28, 34.)
The affidavit of the police officer in support of the issuance of the warrant states that on August 17, 1963 he was at the service station operated by the defendant. While on the premises and in the company of an unnamed former employee certain automobile parts were pointed out to him which parts corresponded to certain parts that had been reported stolen from a certain automobile which was also on the premises. The affiant further swears upon information and belief and ‘‘ personal observation ” that there is probable cause to believe that certain items (described in the affidavit) may be on the premises and that said items are the aforesaid stolen parts.
This affidavit established probable cause. Although the identity of the informer (the former employee) who pointed out the items in question was not revealed, the information supplied to the police officer was supported by the affiant’s personal observations (see People v. Marshall, supra; People v. Coffey, 12 N Y 2d 443; Scher v. United States, 305 U. S. 251, 254; Miller *932 v. United States, 273 F. 2d 279, cert. den. 362 U. S. 928) and this information furnished affiant coupled with his personal observations, all as set forth in the affidavit, justified the issuance of the warrant. Accordingly, the motion is denied.