**Joe FLORES, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 23223.**

United States Court of Appeals Fifth Circuit.

March 13, 1967.

Certiorari Denied June 5, 1967. See 87 S.Ct. 2087.

Joe Flores, pro se.

Robert Owen, Asst. Atty. Gen., Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, J. Milton Richardson, Asst. Attys. Gen., Austin, Tex., for appellee.

Before RIVES and WISDOM, Circuit Judges, and CONNALLY, District Judge.

PER CURIAM:

This is an appeal from a judgment of the District Court for the Southern District of Texas denying appellant's application for the writ of habeas corpus. Under attack is a conviction had in the Criminal District Court of Harris County, Texas, wherein appellant was sentenced to ninety-nine years imprison-

ment for the unlawful possession of a narcotic drug.

A quantity of heroin was seized from appellant's possession as the result of a search conducted pursuant to a search warrant issued in accordance with then existing Texas law. The warrant was practically identical to the one condemned by the Supreme Court in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Appellant contends that the warrant was invalid, that the evidence obtained from the search was improperly received in evidence and that, therefore, the conviction cannot stand.

■ As stated in the recent decision of Davis v. Beto, 368 F.2d 999 (5th Cir. 1966), *Aguilar* is not to be applied retroactively. Furthermore, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) requiring the exclusion by state courts of evidence obtained in violation of the search and seizure provisions of the Constitution, is not retrospective in nature. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Appellant's conviction having become final as early as March 28, 1960, long before the rendition of the decisions in *Mapp* and *Aguilar*, no grounds are presented to this Court upon

which habeas corpus relief may be granted.

The appellant raises another point which merits some consideration. He contends that his conviction should be set aside because even prior to *Mapp* Texas statutory law specifically excluded in state court proceedings evidence seized in violation of the United States Constitution. Art. 727a, Vernon's Ann. Code of Criminal Procedure (now Art. 38.23, Texas Code of Criminal Procedure, 1966).[1]

Texas has repeatedly construed the Aguilar-type search warrant to be valid under Texas law and not contrary to federal constitutional standards. Aguillar v. State, 1962, 172 Tex.Cr.R. 629, 362 S.W.2d 111. Cf. Chapin v. State, 1927, 107 Tex.Cr.R. 477, 296 S.W. 1095; 23 Tex.Jur.2d § 147, p. 225, n. 4. See also Hebert v. State, 1952, 157 Tex.Cr.R. 504, 249 S.W.2d 925, 926.

It is now admitted that the Texas courts erroneously interpreted those federal cases[2] holding that the Aguilar-type search warrant did not meet federal constitutional standards. Several state courts did consider search warrants like that one involved here to be contrary to a constitutional mandate.[3]

■ The pivotal question is whether Texas' erroneous construction of the

1. "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." Texas Code of Criminal Procedure, Art. 38.23.

2. Baysden v. United States, 4 Cir. 1959, 271 F.2d 325; Ker v. State of California, 1963, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (federal probable cause requirements were binding on the states); Giordenello v. United States, 1958, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (Rule 4 of the Federal Rules of Criminal Procedure excludes Aguilar-type warrants); Nathanson v. United States, 1933, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (probable cause needed to issue a search warrant, mere affirmance or suspicion is not enough);

Wolf v. People of State of Colorado, 1949, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (search and seizure provisions of the Fourth Amendment are applicable to the States). In Giacona v. State, 1960, 169 Tex.Cr.R. 101, 335 S.W.2d 837, 838, the Court of Criminal Appeals distinguished Giordenello, but noted that "We are not unmindful of the fact that the Supreme Court of the United States tested the sufficiency of the complaint in the light of the Fourth Amendment * * *."

3. See People v. Pagano, 40 Misc.2d 930, 244 N.Y.S.2d 214; People v. Brown, 40 Misc.2d 35, 242 N.Y.S.2d 555; State of Rhode Island v. Mercurio, 96 R.I. 464, 194 A.2d 574; State of New Jersey v. Macri, 39 N.J. 250, 188 A.2d 389; Knox v. State, 1964, 42 Ala.App. 578, 172 So.2d 787, 794; cf. State of Rhode Island v. LaBlanc, R.I., 217 A.2d 471.

federal constitutional standards requires our setting aside convictions infected by this error. The proper answer does not necessitate a decision on the retroactive effect of *Aguilar*. A federal question may arise when a state buttresses its legislation on federal standards or relationships.[4] The existence of a federal question is one of the grounds giving the federal courts jurisdiction to hear a case.[5] Conceivably, the involvement of a federal question because of state reliance upon the United States Constitution and laws would be an adequate ground for the Supreme Court to grant a writ of certiorari. Such question, however, does not permit a collateral attack on a state conviction. The appropriate statute, 28 U.S.C. § 2241(c) (3), specifically limits the granting of a writ of habeas corpus to a prisoner, "in custody in violation of the Constitution or laws or treaties of the United States."[6] Prior to Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, a state was free to adopt or reject the exclusionary rule.[7] Convictions relying on illegally seized ·evidence were not prior to *Mapp* considered as contrary to the Constitution. Texas' misinterpretation of federal standards may have been reviewable by the United States Supreme Court, but the conviction and resulting confinement cannot be said to have resulted from a violation of constitutional principles. The erroneous understanding of the Texas courts does not permit a collateral attack pursuant to 28 U.S.C.A. § 2241(c) (3).[8]

The judgment is therefore affirmed.

---

4. Standard Oil Co. of Cal. v. Johnson, 1942, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611. Cf. State Tax Commission v. Van Cott, 1939, 306 U.S. 511, 59 S. Ct. 605, 83 L.Ed. 950; Flournoy v. Wiener, 1944, 321 U.S. 253, 270–272, 64 S.Ct. 548, 88 L.Ed. 708 (Justice Frankfurter, dissenting). See Note, "Supreme Court Review of State Interpretations of Federal Law Incorporated by Reference," 66 Harv.L.Rev. 1498.

5. See 28 U.S.C. § 1331, § 1257.

6. Cade v. Balkcom, 5 Cir. 1966, 361 F.2d 212; Lee v. Wiman, 5 Cir. 1960, 280 F.2d 257, cert. den.. 364 U.S. 886, 81 S.Ct. 176, 5 L.Ed.2d 106; see Townsend v. Sain, 1963, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770.

7. Wolf v. People of State of Colorado, 1949, 338 U.S. 25, 29, 69 S.Ct. 1359, 93 L.Ed. 1782.

8. The retroactive aspects of the constitutional doctrine enunciated in *Mapp* were considered in Linkletter v. Walker, 1965, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, aff'g. United States ex rel. Linkletter v. Walker, 5 Cir. 1963, 323 F.2d 11.