**William Sonny THOMPSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42144.**

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

Rehearing Denied Dec. 10, 1969.

Max P. Flusche, Jr., M. N. Garcia, Austin, for appellant.

Robert O. Smith, Dist. Atty., Dain Whitworth, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful possession of a hypodermic needle for the purpose of subcutaneous injections of narcotic drugs in a human being; the punishment, enhanced by two prior convictions for burglary, life.

The indictment returned March 11, 1968, alleged that the offense was committed on or about the 9th day of January, 1964, and contained an allegation that appellant was absent from the state from the 19th day of February, 1965, until the 28th day of February, 1967.[1]

Trial before a jury on a plea of not guilty was on June 5, 1968.

The jury having found appellant guilty and having found that he was absent from the state for the period alleged, found at the punishment hearing that he had been twice previously convicted of a felony less than capital as alleged in the indictment.

Appellant's first three grounds of error relate to the contention that the evidence obtained by the police was unlawfully obtained.

The record reflects the following:

Based upon information obtained from a confidential credible informant, officers of the Austin Police Department obtained a search warrant for the private residence of Jimmy G. Hernandez. The warrant was issued January 9, 1964, at 12:05 P.M., upon affidavit of H. E. Gann and Kindall A. Thomas, upon information received that day "from a credible person" that heroin and other narcotics and narcotic paraphernalia were being kept on said premises for the purpose of sale and use contrary to the provisions of the law.

Captain Gann and other Austin Police Officers placed the premises under surveillance and beginning about 6 P.M. arrested eight persons known to them as narcotics users, including two they followed from the house who threw a package containing five caps of heroin from their car and were subsequently convicted for possession of heroin.

About 7:30 P.M., following these arrests, Captain Gann and the other officers proceeded to the house for the purpose of executing the search warrant.

While passing a window of the house Captain Gann heard a voice say "Have you finished shooting yet?"

There was a light in the house and a small gap between the window curtains. Upon hearing the remark Captain Gann looked through the gap into the house and saw Donald Ray Wilson, a known addict, with his sleeve up, rubbing the inside of his elbow.

Captain Gann, who had already concluded that they were going to execute the search warrant, immediately proceeded to the front door and as he stepped onto the porch Sgt. Wisian knocked at another door and Captain Gann heard scuffling noises and running which sounded like there was "quite a commotion going on."

Captain Gann knocked on the front door and hollered "Police; we have a search warrant." His knock was not answered and the noise inside continued. Captain Gann broke the glass panel, reached inside, opened the door and entered the house. He testified that there was quite a commotion inside; some people in the process of going back into the middle part of the house, which would have been the bedroom. He noticed the defendant, Sonny Thompson, just inside the door and as he opened the door Thompson threw an object which landed against the north wall. It was a hypodermic needle and syringe.

Captain Gann saw the hypodermic needle and syringe fall on the floor and picked it up and found that it was broken.

The needle and syringe which had a clear liquid in it was marked by Capt. Gann

---

1. An indictment for the offense charged may be presented within three years from the time of the commission of the offense but not afterward, Art. 12.04 Vernon's Ann.C.C.P., but the time during which the accused is absent from the state shall not be computed in the period of limitation. Art. 12.07 V.A.C.C.P. As to the indictment alleging factors tolling the statute of limitation see Donald v. State, 165 Tex.Cr.R. 252, 306 S.W.2d 360.

for identification and was identified by him at the trial and admitted in evidence.

The search warrant was issued prior to the decision of the Supreme Court in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. The affidavit upon which it issued, though sufficient under the decisions of this court at the time, failed to meet the requirements thereafter laid down by the Supreme Court in Aguilar v. Texas, supra.[2]

■ Appellant's first ground of error complains that the trial court erred in denying his motion to suppress the evidence shown to have been obtained by police officers who were conducting a search under authority of a search warrant issued upon an affidavit which was admittedly insufficient and invalid.

The trial court held that the search warrant was invalid and the hearing on appellant's motion to suppress was on the question of whether there was probable cause authorizing Captain Gann to look through the window (which constituted a search under authority of Texas v. Gonzales, 5th Cir., 388 F.2d 145).

The trial court sustained the state's contention that such "search by looking," under the facts was not unlawful, Captain Gann having probable cause to believe that narcotics and narcotic paraphernalia were possessed in said house.

Teaxs v. Gonzales was distinguished by the trial court upon the court's holding in Gonzales that the same Officer Gann lacked probable cause to think that narcotics were possessed when he made three trips to the window in that case; whereas he had probable cause to look in Hernandez' window which he was passing when he heard someone say "Have you finished shooting yet?" and saw Donald Ray Wilson with his sleeve up, rubbing his inner arm.

■ A trespass on another's land near a building does not render a search without a warrant illegal. Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898.

Appellant's second ground of error is that the trial court erred in finding and concluding that evidence obtained while searching a residence, which search was being conducted under authority of an invalid search warrant, was admissible; that officers had probable cause to be on the premises and that the search was justified because officers had observed the commission of a felony within their view.

The only search shown by the record was the looking into the house through the window. The state's theory was that the officers had probable cause for such search, though probable cause was not set out in the affidavit for search warrant under the Supreme Court's holding in Aguilar v. Texas, and that the seizure of the hypodermic needle and syringe was authorized as an incident to a lawful arrest for a felony committed in the presence and view of Captain Gann. Art. 14.01 V.A.C.C.P.; Giacona v. State, Tex.Cr. App., 372 S.W.2d 328.

There is authority to the effect that a search incidental to a lawful arrest is not invalidated by the fact that the search was also conducted under color of an invalid search warrant. Morris v. Boles (4th Cir.) 386 F.2d 395, cert. denied, Morris v. Coiner, 390 U.S. 1043, 88 S.Ct. 1640, 20 L.Ed.2d 304; United States v. Gearhart (4th Cir.) 326 F.2d 412; Rocha v. United States (9th Cir.) 387 F.2d 1019, cert. de-

2. Davis v. Beto, 368 F.2d 999 (5th Cir.) cert. denied, 386 U.S. 1040, 87 S.Ct. 1498, 18 L.Ed.2d 608, and Flores v. Beto, 374 F.2d 225 (5th Cir.) cert. denied, 387 U.S. 948, 87 S.Ct. 2087, 18 L.Ed.2d 1338, appear to hold that Aguilar v. Texas will apply only to cases not final prior to June 15, 1964, the date of the decision in Aguilar, though in Davis v. Beto the court stated "that the Aguilar rule should not be applied in any case where the *challenged search* was made prior to the Mapp decision (June 19, 1961) and perhaps prior to the Aguilar decision." (June 15, 1964).

nied, 390 U.S. 1004, 88 S.Ct. 1247, 20 L.Ed.2d 104.

The controlling question is whether the search upon probable cause, *by looking*, or the seizure of the contraband as an incident to the arrest for a felony committed in the presence and view of the arresting officer were rendered unlawful by the fact that the affidavit upon which the search warrant being executed was issued was not sufficient to meet the test in Aguilar v. Texas, supra, thereafter decided.

The officer had probable cause to look in the window and had authority to enter and to arrest Donald Ray Wilson for the felony offense committed in his view, and to seize the hypodermic needle and syringe he saw in the possession of appellant.

Ground of error No. 3 complains that the evidence was obtained as the result of a search conducted in violation of Art. 18.18 V.A.C.C.P. and should have been suppressed for that reason.

Article 18.18 deals with the execution of a search warrant.

The entry into the house, if lawful, was made so by what Capt. Gann heard and saw through the window coupled with the information and evidence he had obtained during the surveillance, and was upheld by the trial court upon the theory that the entry was made for the purpose of effecting an arrest and to seize the narcotics and paraphernalia he concluded was present. He was authorized to make the arrest without a warrant (Art. 14.01 V.A.C.C.P.) and to use all reasonable means to effect the arrest. (Art. 15.24 V.A.C.C.P.)

The remaining ground of error relates to the refusal of the trial court to admit and include in the record of this case evidence showing that the same trial court held evidence obtained in the same search and under authority of the same search warrant inadmissible.

We find no merit in this ground of error.

The judgment is affirmed.

MORRISON, Judge (concurring).

I concur in the affirmance of this conviction, but since I dissented in Giacona v. State, supra, relied upon by the majority, I deem it appropriate that I give my reasons. I pointed out in my dissent in Giacona the following:

"It should be borne in mind that there is an absence of any showing as to why the officers went upon the appellant's porch. Nothing came to their attention to arouse their suspicions until after they mounted the porch. So far as the record reveals, the officers may have planned to look into the window of each apartment there situated."

In the case at bar, however, the officers had information that narcotics were being dispensed at the address in question, and, in an effort to corroborate such information, they pursued several known narcotic users as they left such address on the day in question and found two of them to have heroin in their possession. These facts constituted sufficient probable cause to authorize entry upon the premises in question and to authorize the arrest and whatever search that followed.

The "exceptional circumstances" which I found lacking in Giacona were supplied in this case by Gann's conclusion that in view of all the activity which they had observed at such address, "we had better operate then or they might sell out before we could get them."

I concur.