**Isaac SMITH, Petitioner-Appellant,**

v.

**STATE of TEXAS, Respondent-Appellee.**

**No. 30240.**

United States Court of Appeals, Fifth Circuit.

Nov. 24, 1970.

Isaac Smith, pro se.

Crawford Martin, Atty. Gen., Glenn R. Brown, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of Isaac Smith, a prisoner of the State of Texas, for the writ of habeas corpus. We affirm.[1]

Smith was convicted by a jury of possession of marihuana and was sentenced to 15 years imprisonment on May 16, 1962. The conviction was affirmed by the Texas Court of Criminal Appeals without a written opinion. On December 15, 1969 Smith pled guilty to the felony offense of theft by false pretense and was sentenced to an indefinite term of two to ten years. No appeal was taken and he is presently in the custody of the State of Texas pursuant to this felony theft sentence. Smith's parole was revoked on his 1962 narcotics conviction and he was resentenced. He now seeks to attack this 1962 conviction.

Smith claims that evidence used against him in the 1962 trial for possession of marihuana was obtained by an illegal search and seizure in that the arresting officers spied upon him through a window of a dwelling and broke down

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2). appellant having failed to file a brief within the time fixed by Rule 31, F.R.A.P. Kimbrough v. Beto, Director, 412 F.2d 981 (5th Cir. 1969).

a door to gain entry. He cites Gonzales v. Beto, 266 F.Supp. 751 (W.D.Tex. 1967) aff. State of Texas v. Gonzales, 388 F.2d 145 (5th Cir. 1968); and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), in support of his contentions.

In *Gonzales* the arresting officers, armed with a search warrant, watching through a window, observed the subjects capping heroin. The officers then knocked on the door to announce themselves, but upon hearing hurried noises inside, they broke down the door to prevent disposal of the evidence. Gonzales was granted habeas corpus relief because the search warrant was defective under the teaching of *Aguilar*, and because there was no probable cause independent of the warrant to support the officers' actions.

As the trial court's opinion points out, the facts in Smith's case now before us parallel *Gonzales* except for one all-important difference. The warrant involved in *Gonzales* was sworn out after *Aguilar* was handed down. The warrant in the present case was issued and the conviction became final over a year and one half before *Aguilar* was decided. We have previously ruled that *Aguilar* will not be applied retroactively to invalidate the search warrant. Flores v. Beto, 374 F.2d 225 (5th Cir. 1967), cert. denied 387 U.S. 948, 87 S.Ct. 2087, 18 L.Ed.2d 1338 (1967); Davis v. Beto, 368 F.2d 999 (5th Cir. 1966).

■ Smith also raises a claim based upon the manner of executing the search warrant. While the petitioner's statement of facts may indicate a potentially serious problem in light of Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958) and Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1962), this issue has not yet been presented to the state courts of Texas. Smith has an adequate Texas habeas corpus procedure by which he may challenge the manner in which the warrant was executed. This state procedure must first be ex-

hausted. Texas v. Payton, 390 F.2d 261 (5th Cir. 1968).

The district court's denial of Smith's petition for writ of habeas corpus is therefore

Affirmed.