Douglas A. **CHAIRES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44717.

Court of Criminal Appeals of Texas.

March 29, 1972.

Rehearing Denied June 7, 1972.

Earl L. Yeakel, III, Wallace A. McLean, Austin, for appellant.

Robert O. Smith, Dist. Atty., Herman Gotcher and Michael J. McCormick, Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, fifteen (15) years.

Civilian employees of Braniff Airways and the air terminal testified that the appellant and two young women arrived in company with each other at the airport shortly before a flight to Washington, D. C., was scheduled to depart. The appellant carried a grey suitcase and each woman had one white suitcase and a footlocker. While issuing the tickets and baggage checks an attendant detected the odor of marihuana coming from appellant's baggage. He followed the baggage to the baggage room and pushed the sides of the appellant's suitcase together, creating a bellows effect, which produced a strong odor of marihuana. He then smelled the other luggage on the baggage cart and also detected an odor of marihuana escaping from the womens' luggage. He pried open the corner of the footlockers and was able to see cellophane bags, and further clearly detected the odor of marihuana. Another agent unlocked appellant's suitcase and found it filled with plastic bags containing a grassy substance which he identified as marihuana. The agents then called their superior who, in turn, called the Austin police. Captain Gann of the narcotic section arrived shortly before the plane was due to depart. The bags in question had been put aboard the plane, but Gann and airport officials boarded the plane, examined the bags and after confirming the fact that they contained marihuana arrested appellant and the two women.

■ Appellant's first six grounds of error relate to the failure of the court to charge in accordance with Article 38.23, Vernon's Ann.C.C.P.[1] Appellant's conten-

1. Article 38.23 states: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas,

tion is predicated upon the assumption that the evidence raised an issue as defined in paragraph 2 of said Article. The appellant did not testify and offered only evidence that he had not heretofore been convicted of a felony.

After the Braniff employees, by sight and smell, determined that the bags contained marihuana, and reported their findings to the police, the police, upon seeing the bags and smelling the contraband, clearly had probable cause to seize the luggage and to arrest the offenders. There is no evidence to dispute these facts and, therefore, no issue for the jury's determination. Jones v. State, Tex.Cr.App., 458 S.W.2d 654; Corbitt v. State, Tex.Cr.App., 445 S.W.2d 184.

Appellant's first grounds of error are overruled.

Appellant's remaining ground of error is that the court erred in admitting the suitcases and trunks containing marihuana on the ground that they were recovered pursuant to an illegal search. He claims that there were actually two searches; one by airline officials and one by police, and that both were illegal.

■ Appellant first contends that the airline officials were acting in concert with the police. The evidence indicates

that the Braniff agents, on their own initiative, suspected the presence of marihuana and made a discovery inspection which sustained their initial suspicions after which they alerted the police.[2] Appellant's reliance on Corngold v. United States, 9 Cir., 367 F.2d 1, is misplaced. In that case, custom officials followed a suspected shipper of contraband to the airport and, after the shipper left, requested the carrier's agents to open the containers. In Gold v. United States, 378 F.2d 588, the Ninth Circuit Court of Appeals in dealing with a similar situation distinguished Corngold, supra, and concluded, as we do here, that the initial search of the luggage by airline officials was not undertaken at police request but was an independent investigation by the carrier for its own purpose. Clearly, the police did not open, induce the opening of, or participate in the opening of the appellant's baggage necessary to bring him within the Corngold, supra, rule. United States v. Averell, D.C., 296 F.Supp. 1004; State v. Wolfe, 5 Wash.App. 153, 486 P.2d 1143. Recently in Yantis v. State, 476 S. W.2d 24 (1972) we overruled appellants' contention that under the circumstance presented there, a private party was acting in the role of a police agent.

■ Appellant next suggests that the carrier's search was illegal because it was acting pursuant to an unconstitutional C.

or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

"In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

2. At the examining trial Braniff's Customer's Service Agent, Wilkerson, testified that on the day prior to the day in question, he and his fellow employees had occasion to intercept a shipment of marihuana which they had discovered with the aid of their sense of smell, and that Braniff employees had notified

the police who, in turn, seized the contraband. He testified that his actions on the day before and on the day in question were not at the request or direction of any law enforcement agent and that no police officer had ever asked him to be on the alert in order to detect marihuana being shipped. He testified that he opened appellant's bag on his own volition because he detected a distinct odor of marihuana emitting therefrom. We venture the conclusion, though the question is not before us in the case at bar, that under the facts here presented, that Wilkerson had the authority to arrest appellant under the authority of Art. 14.01, V.A.C.C.P., which authorized an arrest by a private citizen for a felony committed in his presence.

A.B. provision.[3] He claims that when the C.A.B. enacted the regulation now in question, it exceeded its permissible bounds by not restricting the carrier's right to search to situations where it felt the aircraft was in danger. In the case at bar, the agents smelled the odor of marihuana which aroused their suspicions. We have concluded that under the circumstances the carrier was not required to pass on luggage without further inspection. As the court said in United States v. Averell, D. C., 296 F.Supp. 1004 (1969), the "airline had the right and perhaps the duty to discover if its facilities were being used for the commission of a crime."

■ Appellant finally contends that the warrantless search of the luggage by the Austin police at the airport was illegal.

As we concluded earlier, once the airline agents communicated their findings to law enforcement officials and verified these suspicions, the police clearly had probable cause to seize the contraband and arrest its owners. It is uncontested that the airliner was scheduled to leave for Washington, D. C., at 9:00 A.M. and that the entire episode began shortly after 8:30 A.M. when appellant arrived at the airport. We, therefore, find no merit in appellant's contention that since the Austin police knew the craft would be continually airborne for over two and one half hours, they should have refrained from action and instead wired their suspicions ahead to Washington, D. C., officials. Likewise, we find no merit in his other contention that since the airline officials had the authority to withhold the luggage from the flight, they should have done so, and thereby afforded officials an opportunity to obtain a warrant. Such an approach disregards the practical aspects of law enforcement. When the Austin police were informed that the contraband was aboard an airliner, due to depart in minutes, they had probable cause to inspect the suspect cargo and, after verifying the agents' suspicions, to seize it and arrest its owners, before one or all were flown from their jurisdiction.

We are further inclined to conclude that the rationale of the United States Supreme Court in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, should control here. In dealing with the propriety of an on-the-spot warrantless search of a moveable vehicle, the court concluded that the requisite "exigent" circumstance for a warrantless search existed where peace officers had sufficient probable cause and the moveable object was "a fleeting target for a search." Cf. Cash v. Williams, 455 F.2d 1227 (1972).

In Chambers, supra, the Court also considered the question of whether a peace officer with sufficient probable cause should make an immediate warrantless search of a moveable vehicle or whether he should immobilize it and obtain a warrant and said:

"For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment."

■ In People v. McGrew, 1 Cal.3d 404, 462 P.2d 1, cited by appellant, the footlocker containing the contraband was left with the airline to be forwarded to appellant when "space" was "available" and, therefore, the element of haste, so paramount in the case at bar, was absent in McGrew. It should further be noted that the odor of marihuana was the first thing that attracted the agent's attention in the instant case while in McGrew, supra, the attendant's attention was first directed to McGrew's long hair which called to mind his superi-

---

3. According to the record, the Civil Aeronautics Board rule is, "All baggage are subject to inspection by the carrier, but the carrier shall not be obligated to perform such inspection."

or's admonishment to be on the lookout for footlockers and suspicious people. Without discussing McGrew, supra, further, we observe it is persuasive only and not authoritative in this jurisdiction.

Appellant's second contention is overruled.

The judgment is affirmed.