**Cleve M. HATTERSLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45192.**

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Nov. 15, 1972.

Sam Houston Clinton, Jr., Austin, for appellant.

Robert O. Smith, Dist. Atty., Philip Nelson, Jr., Lawrence Wells and Michael J. McCormick, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, seven (7) years.

Trial was before the court without the intervention of a jury.

Braniff ticket agent James Barry testified that just prior to 9:00 a. m. on August 31, 1970, the appellant bought a ticket under the name "J. English" for a flight to Newark, New Jersey, departing at 9:00 a. m. Barry checked in the appellant's suitcase, which was tied at one end with a string and attached a claim check for it to the appellant's ticket. When Barry next observed the suitcase, in the baggage room, "the string had popped open" and the contents were clearly visible without manual intervention by the attendants. Barry and Braniff agent Joseph Wilkinson, who was also present in the baggage room, stated that they saw the suitcase contained plastic bags with brown bags inside them. They detected an odor of cosmetic powder and then an odor of marihuana emanating from the luggage. They testified they recognized the odor of marihuana from previous occasions when they discovered similar substances which narcotics officers later identified as marihuana. The suitcase containing the suspected contraband was sent to the airplane, with the string still untied, while Barry and Wilkinson reported their findings to their superior who in turn notified Captain Harvey Gann of the Austin Police. When Gann arrived at the airport he verified the agents' conclusion, seized the contraband, and arrested the appellant.

The facts and circumstances of this case are very similar to those in Chaires v. State, Tex.Cr.App., 480 S.W.2d 196. That offense, which occurred the day after the instant events, also concerned the discovery of marihuana at Austin Municipal Airport and involved practically the same airline agents and police officers.

■ Appellant's first two grounds of error relate to probable cause to search the appellant's suitcase. Some years ago in Heath v. State, 161 Tex.Cr.R. 323, 276 S. W.2d 534, this court discussed the rule earlier announced in Crowell v. State, 147

Tex.Cr.R. 299, 180 S.W.2d 343, that "if one is foolish enough to leave his windows uncurtained he may not complain if another . . . observe[d] an illegal act being committed therein." Cf Thompson v. State, Tex.Cr.App., 447 S.W.2d 175, cert. denied 398 U.S. 912, 90 S.Ct. 1709, 26 L.Ed.2d 73. We say here that if one is careless enough to carry contraband in a faulty suitcase he may not complain if another observes the contraband when the bag opens itself by its own weight. Further,

"After the Braniff employees, by sight and smell, determined that the bags contained marihuana, and reported their findings to the police, the police, upon seeing the bags and smelling the contraband, clearly had probable cause to seize the luggage and to arrest the offenders." Chaires v. State, Tex.Cr.App., 480 S.W. 2d 196.

■ Appellant's third contention challenges the warrantless search of his luggage by the police. He claims that the officers should have obtained a search warrant. The same contention was raised in Chaires v. State, Tex.Cr.App., 480 S.W.2d 196, where we concluded that:

"It is uncontested that the airliner was scheduled to leave for Washington, D. C., at 9:00 a. m., and that the entire episode began shortly after 8:30 a. m. when appellant arrived at the airport. We, therefore, find no merit in appellant's contention that since the Austin police knew the craft would be continually airborne for over two and one half hours, they should have refrained from action and instead wired their suspicions ahead to Washington, D. C., officials. Likewise, we find no merit in his other contention that since the airline officials had the authority to withhold the luggage from the flight, they should have done so, and thereby afforded officials an opportunity to obtain a warrant.

Such an approach disregards the practical aspects of law enforcement. When the Austin police were informed that the contraband was aboard an airliner, due to depart in minutes, they had probable cause to inspect the suspect cargo and, after verifying the agents' suspicions, to seize it and arrest its owners, before one or all were flown from their jurisdiction."

■ Ground of error number four relates to the court's failure to strike Captain Gann's testimony concerning his subjective opinion about the reliability of witnesses Barry and Wilkinson. Since this was a trial before the court, we may assume that the court did not consider any inadmissible evidence. Larocca v. State, Tex.Cr.App., 479 S.W.2d 669. The evidence reflects sufficient probable cause.

■ Ground of error number five contends that the evidence is insufficient to show appellant knew the suitcase contained marihuana. Barry testified, as noted earlier, that he attached a claim check to the appellant's ticket for the suitcase which the appellant checked in. The State introduced the suitcase and the ticket into evidence. The number on the claim check of the ticket and the number on the suitcase are identical. The evidence is sufficient to show the appellant owned the luggage and possessed the contraband.

Ground of error number six is that the judgment is based upon demonstrably false testimony. The appellant discusses, at some length, what he considers is a conflict in the testimony. Nowhere does he mention the fact that the suitcase in the case at bar opened itself thereby displaying to the world the marihuana it contained. This suitcase was connected to the appellant by the evidence that he had checked it in and retained the claim check for it. The trial judge had before him sufficient evidence to support this conviction, and it will be presumed that he resolved any con-

flict in the testimony. We find that there was sufficient evidence before the court to establish the appellant was guilty of the crime charged. Montes v. State, Tex.Cr. App., 473 S.W.2d 34.

The judgment is affirmed.