

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00215-CR

_____

TERRY LOUIS SPELLING, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. CCL-M-08-0322

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Terry Louis Spelling was convicted of the misdemeanor offense of possession of marihuana and sentenced to ninety days in the county jail.[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010). His appeal challenges the sufficiency of the evidence to support the jury's finding of guilt. We find the evidence sufficient and affirm the trial court's judgment and sentence.

Officer Cory Sartor of the Atlanta Police Department conducted a traffic stop of Spelling. Spelling got out of his truck to talk to Sartor, and Sartor noticed the odor of alcohol coming from Spelling's breath and person. Spelling opened the pickup door and got back in; when he did this, Sartor saw what appeared to be a hand-rolled cigarette with a green, leafy substance coming out of the end. This "cigarette" was in the door's side pocket. Based on his training, education, and experience, including the smell of the cigarette, Sartor believed it was a marihuana cigarette. Sartor said he had no doubt the substance in the cigarette was marihuana. Sartor placed Spelling under arrest for possession of marihuana, whereupon Spelling told Sartor there was more marihuana under the vehicle's seat. Sartor found under the vehicle seat a plastic bag containing marihuana. Sartor was familiar with the difference between two and three ounces of the drug and testified that the bag contained "under two ounces, by quite a bit"; the amount in the package was "commonly referred to as, like a nickel bag is what the street term for it would be."

---

[1] In the same proceeding, Spelling was also tried for felony driving while intoxicated, but the jury could not reach a unanimous verdict on that charge, and the State moved to dismiss it.

At Spelling's trial, his wife testified that on the night in question, Spelling had gone out without her. According to the wife, before he left, "he had a joint on the table and . . . . it was gone, so [she] figured he had took it with him."

In evaluating legal sufficiency[2] of the evidence, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of *Brooks*, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* Here, the State was required to prove that Spelling knowingly or intentionally possessed a

---

[2]In his brief, Spelling also makes claim of factually insufficient evidence. In *Brooks*, the Texas Court of Criminal Appeals found "no meaningful distinction between the *Jackson v. Virginia* legal-sufficiency standard and the *Clewis* [*v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)] factual-sufficiency standard, and these two standards have become indistinguishable." *Brooks*, 323 S.W.3d at 902. Accordingly, we no longer perform factual sufficiency reviews. *See Hutchings v. State*, 333 S.W.3d 917, 919 n.2 (Tex. App.—Texarkana 2011, pet. ref'd).

useable quantity of marihuana in an amount of two ounces or less. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1).

"To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Mere presence at a location where drugs are found is insufficient, by itself, to establish actual care, custody, or control of those drugs. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

A nonexclusive list of factors that can be sufficient, either singularly or in combination, to establish a defendant's possession of contraband include: (1) presence when a search is conducted, (2) whether the contraband was in plain view, (3) proximity to and the accessibility of the contraband, (4) whether he was under the influence of narcotics when arrested, (5) whether he possessed other contraband or narcotics when arrested, (6) whether he made incriminating statements when arrested, (7) whether he attempted to flee, (8) whether he made furtive gestures, (9) whether there was an odor of contraband, (10) whether other contraband or drug paraphernalia was present, (11) whether he owned or had the right to possess the place where the drugs were found, (12) whether the place where the drugs were found was enclosed, (13) whether he was found with a large amount of cash, (14) whether his conduct indicated a consciousness of guilt, (15) the quantity of the contraband, and (16) whether he was observed in a suspicious area under suspicious circumstances. *Id.* at 162 n.12; *Hargrove v. State*, 211 S.W.3d 379, 385–86 (Tex. App.—San Antonio 2006, pets. (2) ref'd); *Muckleroy v. State*, 206

4

S.W.3d 746, 748 n.4 (Tex. App.—Texarkana 2006, pet. ref'd); *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Kyte v. State*, 944 S.W.2d 29, 31 (Tex. App.—Texarkana 1997, no pet.); *see Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.— Texarkana 1998, pet. ref'd). The number of links is not dispositive; rather, we look to the "logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162. In this case, most of the factors set out above do not apply.

Spelling was alone in the truck, and there was no indication that anyone else owned the marihuana or had recently been in possession of it. According to Sartor, the marihuana cigarette, which was in plain view, was still warm, indicating to him that it had recently been smoked. Spelling told Sartor the location of the bag of marihuana. Sartor said he had training and experience from which he had no doubt the cigarette was marihuana. Expert testimony is not necessary to identify the odor of marihuana smoke. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002). In reaching that holding, the Texas Court of Criminal Appeals cited several cases where lay witnesses had identified unburned marihuana.[3] Experienced law enforcement officers may also be qualified to testify that a green leafy plant substance is marihuana. *Houlihan v. State*, 551 S.W.2d 719, 724 (Tex. Crim. App. 1977*); see also In re Z.R.*, 01-11-00715-CV, 2013 Tex. App. LEXIS 11097, at *2, *11 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, pet. denied) (mem. op., not designated for publication) (two police officers qualified to offer testimony identifying leafy substance as marihuana). The evidence was sufficient to

---

[3]*See, e.g.*, *Chaires v. State*, 480 S.W.2d 196, 197 (Tex. Crim. App. 1972) (airline baggage agent smelled odor of marihuana in appellant's suitcase, opened suitcase, and identified grassy substance as marihuana); *Hattersley v. State*, 487 S.W.2d 354, 355 (Tex. Crim. App. 1972) (airline employee determined by sight and smell that suitcase contained marihuana); *Sorensen v. State*, 478 S.W.2d 532, 533 (Tex. Crim. App. 1972) (appellant's mother testified she recognized odor of marihuana when found in son's room).

support the jury's findings that the substance in Spelling's possession was marihuana and that he knowingly possessed same.

Sartor also testified that his training and experience enabled him to discern the difference between two and three ounces of marihuana by sight and touch alone. He testified that the amount found in Spelling's truck was less than two ounces.[4] Both portions of marihuana—the cigarette and the bag—were admitted into evidence. Based on Sartor's description of the marihuana, including that the cigarette was warm and that it appeared to have adequate volume to roll into a cigarette, a reasonable jury could have found these to be useable amounts. *See Holmes v. State*, 962 S.W.2d 663, 670–71 (Tex. App.—Waco 1998, pet. ref'd, untimely filed).

The evidence, viewed in the light most favorable to the jury's verdict, was sufficient for a rational jury to find beyond a reasonable doubt that Spelling knowingly or intentionally possessed a useable amount of marihuana in a quantity of two ounces or less. We overrule Spelling's point of error.

---

[4]From his testimony, it appears Sartor was referring at that point only to the marihuana in the plastic bag, not including the cigarette. Any error in calculation here, though, would only inure to Spelling's benefit. That is to say, if the bag and the cigarette together had amounted to more than two ounces, Spelling could have been charged with a class A misdemeanor, possession of four ounces or less but more than two ounces, rather than the class B misdemeanor for which he was convicted. *Cf.* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1)–(2).

We affirm the trial court's judgment and sentence.


                                      Bailey C. Moseley
                                        Justice

Date Submitted:      May 20, 2014
Date Decided:       June 11, 2014

Do Not Publish