**Opinion issued December 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-14-00588-CR

————————————

### SEVERINO LS ASUMU, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No 3
Fort Bend County, Texas
Trial Court Case No. 13-CCR-167155

## MEMORANDUM OPINION

The State charged Severino Asumu with possession of a controlled substance, marijuana, weighing two ounces or less. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2009). A jury found him guilty, and the trial court assessed his punishment at 180 days in jail, probated for a period of 9 months, and 100 hours of community service. On appeal, Asumu challenges the trial court's

(1) denial of his motion to suppress evidence; and (2) admission of three bags of marijuana into evidence.  We affirm.

## Background

After receiving a complaint that marijuana was being consumed on the premises, Deputy K. Elwood was dispatched to investigate apartment number 505 in an apartment complex in Fort Bend County.  As Deputy Elwood approached, she smelled a strong odor of marijuana coming from apartment 505.  She knocked on the apartment door and heard footsteps going down the stairs.  A voice exclaimed, "Oh shit; it's a cop." Elwood heard footsteps running back upstairs.

Meanwhile, Asumu exited the apartment through the garage door. Deputy Elwood confronted him and asked him whether he was a resident of the apartment. Asumu confirmed that he was a resident and stated that he did not want Deputy Elwood to search the apartment.  During this encounter, Asumu smelled of marijuana and had glassy and red eyes.

When Deputy Elwood asked Asumu who was in the apartment and what he was doing, Asumu gave multiple contradictory answers.  First Asumu claimed that he could not let Deputy Elwood into his apartment because he was on his way out, but he later stated that he did not answer the door when Deputy Elwood knocked because he was asleep.  After Asumu alleged that he had been alone in the apartment, he acknowledged that his friend Collin was on the couch.  As Deputy

2

Elwood was asking Asumu questions, Asumu walked back inside the garage and Deputy Elwood followed him. Once inside the garage, Deputy Elwood could hear scattered movements that sounded like the knocking over of furniture and the closing of a door or drawer. Deputy Elwood entered the house, where Asumu and his guests admitted that they had been smoking marijuana and produced a large glass water bong and three separate bags of marijuana. Asumu moved to suppress the evidence of the marijuana. The trial court denied the motion.

At trial, the State introduced two bags of marijuana, a bag with burnt residue of marijuana inside a pipe, a glass bong, a bag for the bong, and the envelope that Deputy Elwood had used to secure the marijuana. Asumu objected that the State failed to prove that the first three exhibits contained marijuana, and the State responded with testimony from Deputy Elwood that she was trained to recognize the scents of fresh marijuana and burned marijuana. The trial court then admitted these exhibits into evidence.

## Discussion

### A.  Motion to Suppress

When a defendant challenges a trial court's denial of a motion to suppress, we review the trial court's ruling for an abuse of discretion. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We defer to the trial court's determination of historical facts that depend on credibility and demeanor. *Id*. We

review de novo the trial court's application of the law to the facts if resolution of those ultimate questions does not turn on the evaluation of credibility and demeanor. *Id.* We will uphold the trial court's ruling if it is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Turrubiate*, 399 S.W.3d at 150.

The United States and Texas Constitutions protect against unreasonable searches and seizures. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. When law enforcement does not have a warrant or consent to enter a residence, the search is presumed unreasonable. *See Juarez v. State*, 758 S.W.2d 772, 775 (Tex. Crim. App. 1988). "There is a strong preference for searches to be administered pursuant to a warrant . . . [a search] without a judicially authorized warrant is presumptively unreasonable." *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). The warrant requirement may be set aside if the State shows that (1) there was probable cause to enter the home and (2) an exigent circumstance existed that required entry without a warrant. *Id.*; *Carmen v. State*, 358 S.W.3d 285, 292–93 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). There are three categories of exigent circumstances: (1) aiding people whom law enforcement officers reasonably believe require assistance, (2) protecting law enforcement officers from people reasonably believed to be present, armed, and dangerous, and

4

(3) preventing the destruction of evidence or contraband. *Gutierrez*, 221 S.W.3d at 685; *Carmen*, 358 S.W.3d at 293.

In this case, the State relies on the third type of circumstance. To show that entry was necessary to prevent the destruction of contraband, the primary consideration is "whether there is proof that the officer reasonably believed that removal or destruction of evidence was imminent." *Turrubiate*, 399 S.W.3d at 153. Courts also consider whether the possessors of the contraband were aware that police were pursuing them, how readily the contraband could be disposed of, as well as police familiarity with behavior characteristics of people involved in narcotics sale and distribution. *Id.* at 151.

Asumu does not challenge the presence of exigent circumstances in connection with the warrantless search, but rather contends that Deputy Elwood did not have probable cause to enter his apartment and that he did not consent to her entry. *See Gutierrez*, 221 S.W.3d at 685 (holding that searches of a residence without a warrant or consent must be supported by both probable cause and exigent circumstances). Asumu observes that the only evidence supporting the search was the smell of marijuana emanating from the apartment and the original dispatch complaint.

Deputy Elwood's observations of the smell of marijuana emanating from the apartment and then from Asumu, coupled with Asumu's red, glassy eyes, and his

multiple contradictory responses to Deputy Elwood's questions are factors which the trial court reasonably could have considered in determining that probable cause existed that illegal activity was taking place within the apartment. We hold that sufficient evidence supports the trial court's determination that probable cause existed to enter the apartment. *See Parker v. State*, 206 S.W.3d 593, 601 (Tex. Crim. App. 2006) (holding that tip of underage consumption of alcohol, exclamation "It's the police" and footsteps running up the stairs, and officer's previous arrest of appellant were sufficient to support probable cause to search home); *Pache v. State*, 413 S.W.3d 509, 512 (Tex. App.—Beaumont 2013, no pet.) (holding that tip that drugs were being sold out of a residence along with odor of marijuana were sufficient to support probable cause).

## B.    Admission of Evidence

In Asumu's second challenge, he complains that the trial court abused its discretion by allowing Deputy Elwood to authenticate three exhibits as marijuana. The admissibility of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Harnett*, 38 S.W.3d at 657; *Ventroy*, 917 S.W.2d at 422. If there is evidence supporting the trial court's decision to admit evidence, there is no abuse and the appellate court must defer to that decision. *Powell*, 63 S.W.3d at 438; *Fairow v. State*, 943 S.W.2d 895, 901 (Tex. Crim. App. 1997).

It does not take an expert to identify the smell of marijuana smoke. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002). While smelling the odor of marijuana smoke may not be an event normally encountered in daily life, it requires limited, if any, expertise to identify. *See id.* at 534 (police officer recognized the smell of marijuana emanating from appellant's car); *Kemner v. State*, 589 S.W.2d 403, 407 (Tex. Crim. App. 1979) (airline employee recognized odor of marijuana emanating from appellant's suitcase and informed DEA); *Chaires v. State*, 480 S.W.2d 196, 198 (Tex. Crim. App. 1972) (airline baggage agent smelled odor of marijuana in appellant's suitcase, opened suitcase, and identified grassy substance it contained as marijuana); *Hattersley v. State*, 487 S.W.2d 354, 355 (Tex. Crim. App. 1972) (airline employee determined by sight and smell that appellant's suitcase contained marijuana); *Sorensen v. State*, 478 S.W.2d 532, 533 (Tex. Crim. App. 1972) (appellant's mother testified that she recognized odor of marijuana when she found it in her son's room); *Mumphrey v. State*, 774 S.W.2d 75, 77 (Tex. App.—Beaumont 1989, pet. ref'd) (13-year-old rape victim testified that she smelled odor of marijuana on appellant's clothes). Although it cannot be presumed that everyone is capable of identifying marijuana by smell, a witness who has become familiar with the odor of marijuana smoke through past experience can testify as a lay witness that he or she recognized the odor. *Osbourn*, 92 S.W.3d at 537.

Asumu argues that because the State failed to show that Deputy Elwood was an expert in identifying marijuana, her testimony was inadmissible. Deputy Elwood testified, however, that she was familiar with the scent of marijuana through past experience; thus, the trial court did not abuse its discretion in admitting the exhibits that were authenticated by her testimony. *See Osbourn*, 92 S.W.3d at 537 (holding that expert testimony is not needed to identify the smell of marijuana and that a witness who is familiar with the odor of marijuana smoke through past experiences can testify as a lay witness that he or she was able to recognize the odor).

## Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Radack, Jennings, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).